**CITIZENS ASSOCIATION OF GEORGE-TOWN, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.**

**No. 6467.**

District of Columbia Court of Appeals.

Argued Dec. 13, 1972.

Decided June 15, 1973.

Rehearing en Banc Denied Aug. 8, 1973.

Courts Oulahan, Washington, D. C., with whom Christopher W. Keller, Washington, D. C., was on the brief, for petitioner.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

## PROCEEDINGS FOLLOWING REMAND

Before GALLAGHER and PAIR, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM.

This case is here after having been remanded for further proceedings. Citizens Ass'n of Georgetown, Inc. v. District of Columbia Alcoholic Beverage Control Bd., D.C.App., 288 A.2d 666 (1972).

Petitioner contends the Board failed to carry out the court's mandate. Essentially, petitioner claims that, notwithstanding our prior decision in this case, the Board considered police reports which were not a matter of record and failed to place in the record facts revealed by its inspection of the premises involved. *See Citizens Ass'n of Georgetown, supra* at 669–671.

Our review of the record shows that, while it leaves something to be desired procedurally, there was substantial compliance with this court's prior decision and, as to any deficiencies, this is now an appropriate occasion to invoke the "prejudicial error" standard available to us in the District of Columbia Administrative Procedure Act, D.C.Code 1972 Supp. § 1–1510. The statutory requirement of moral character and fitness[1] was reasonably explored on remand;[2] and our review of the record indicates petitioner in effect concluded at the hearing that this was the case.

1. D.C.Code 1972 Supp., § 25–115(a).

2. Several witnesses testified on behalf of the applicant's officers on this score and were cross-examined.

There was some difference of opinion upon remand as to what was actually required by this court's prior decision in this case. The uncertainty seemed to stem from the fact that there was a majority opinion and two concurring opinions; and it apparently was not clear to the parties whether some faults found by the majority opinion were ascribable to a majority of the court. We need not discuss these disputes here, however, because any such uncertainties were largely removed by this court's subsequent opinion in Northeast Liquors, Inc. v. District of Columbia Alcoholic Beverage Control Board, D.C.App., 302 A.2d 222 (1973).

Affirmed.